# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SHIRLEY F., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | No. CV 18-02297-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Shirley F. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[1] The Commissioner's decision is affirmed and this case is dismissed with prejudice.

## I. BACKGROUND

Plaintiff filed applications for SSI and DIB on October 8, 2014 and October 24, 2014, alleging disability commencing October 24, 2013. See Dkt.

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

15, Administrative Record ("AR") 175-87. After being denied initially, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). See AR 101-07. The ALJ heard testimony from Plaintiff, an impartial medical expert, and an impartial vocational expert ("VE"). See AR 26-79.

On January 26, 2017, the ALJ denied Plaintiff's claims. See AR 12-25. The ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical and lumbar spine. See AR 17. The ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> The claimant is able to lift 10 pounds occasionally and less than 10 pounds frequently. She can sit for 6 hours out of an eight-hour day, for up to 30 minutes at a time and then must have the option to stand for up to 30 minutes (but still not standing more than 2 hours in a workday). She can stand and walk for a total of 2 hours out of an 8-hour day with normal breaks, but can only stand for up to 30 minutes and walk only 30 minutes. She can push and pull as much as she can lift and carry. She can operate foot controls with the right and left foot occasionally. She can reach overhead occasionally to the left and occasionally reach over with the right upper extremities. She can perform occasional postural activities such as balance, stoop, kneel, and crouch but can never crawl. She can climb ramps and stairs occasionally but cannot climb ladders, ropes and scaffolds. She can work at unprotected heights occasionally and around moving mechanical parts occasionally but can never be exposed to vibration.

AR 18. The ALJ determined that Plaintiff could perform her past relevant work as a Vice President of Human Resources. See AR 21. Accordingly, the ALJ concluded that Plaintiff was not disabled. See AR 21-22.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. DISCUSSION

Plaintiff contends the ALJ's RFC assessment is not supported by substantial evidence because the ALJ did not address or incorporate the limitations of Dr. Charles Schwarz, an examining orthopedist. See Dkt. 17, Joint Stipulation ("JS") at 5-7. Dr. Schwarz opined that Plaintiff could sit for an hour at a time with a 5-10 minute break required in between periods of sitting; lift up to 20 pounds; and was restricted from performing repetitive bending and lifting activities. See AR 408.

The Commissioner concedes that the ALJ erred in failing to address Dr. Schwarz's opinion. See JS at 7; see also Marsh v. Colvin, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("[A]n ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them."). The Commissioner contends that this error is harmless, however, because the ALJ's RFC finding is consistent with, and actually more restrictive than, Dr. Schwarz's opinion. See JS at 7-9. "A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). An error is harmless when it is "inconsequential to the ultimate nondisability determination." Stout v. Comm'r, SSA, 454 F.3d 1050, 1055 (9th Cir. 2006).

The Court agrees that the ALJ's error is harmless. While Dr. Schwarz opined that Plaintiff could sit for an hour at a time with a 5-10 minute break, the ALJ limited her to sitting for 30 minutes at a time with the option to stand for up to 30 minutes. Dr. Schwarz opined that Plaintiff could lift 20 pounds, whereas the ALJ restricted her to 10 pounds. Finally, Dr. Schwarz's opinion

3

that Plaintiff could not perform repetitive bending and lifting activities was consistent with the ALJ's limitation of occasional postural activities.

Plaintiff suggests that Dr. Schwarz's sitting limitation is more restrictive because it "does not contemplate that [Plaintiff] is able to engage in any other work activity" during her 5-10 minute break. JS at 13. The Court disagrees. Dr. Schwarz's opinion that Plaintiff needed a break "in between periods of sitting" is consistent with the ALJ's RFC, which limited Plaintiff to sitting for up to 30 minutes at a time. If Dr. Schwarz intended Plaintiff do no work-related activity, he could have said so. Cf. Gumm v. Colvin, No. 13-5370, 2015 WL 349411, at *4 (C.D. Cal. Jan. 23, 2015) (noting treating physician's opinion that "no work activity should last more than 10-15 minutes at a time"). The Court will not include limitations that do not appear in the record.

Last, as to Dr. Schwarz's opinion that Plaintiff "would not be capable of performing her usual and customary work duties," AR 480, the Ninth Circuit has explained that "this determination is for the Social Security Administration to make, not a physician." McLeod v. Astrue, 640 F.3d 881, 884 (9th Cir. 2011) (affirming the ALJ's rejection of medical opinion that claimant "could not work at all"); see also Martinez v. Astrue, 261 F. App'x 33, 35 (9th Cir. 2007) ("[T]he opinion that [the claimant] is unable to work is not a medical opinion . . . [and] is therefore not accorded the weight of a medical opinion."). Substantial evidence supported the ALJ's ultimate disability determination, namely, the VE's testimony that Plaintiff could perform her past relevant work as Vice President of Human Resources. See AR 21 (citing AR 72-75).

///
///
///
///
///

## III. CONCLUSION

The ALJ's error in failing to account for Dr. Schwarz's opinion is harmless because it was inconsequential to the ultimate nondisability determination. Accordingly, the decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: May 3, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge